## Case No. 4,601.

### FABER v. BARNEY.

[6 Blatchf. 305.][1]

Circuit Court, S. D. New York.   March 2, 1869.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Webster & Craig, for plaintiff.
Simon Towle, for defendant.

BENEDICT, District Judge.   Of the many propositions which were discussed upon the hearing of these motions, I deem it necessary to consider but a single one.

It is conceded that the plaintiff is entitled to his execution, unless the certificate provided for by the 12th section of the act of March 3, 1863 (12 Stat. 741), be granted; but it is insisted, on the part of the defendant, that the act of 1863 is mandatory on the court to grant the certificate whenever applied for, whether the application be made before a judge who tried the cause, or some other judge holding the court at the time of the application, and that such certificate, when granted, is a final bar to any execution. To this doctrine I do not assent. The act of March 3, 1863, although, no doubt, intended to afford a means of protecting a collector from loss, by reason of liabilities assumed by him under the direction of the secretary of the treasury, must, if it confers upon a collector an absolute right to a certificate in every case where he has acted under the direction of the secretary, be considered as implying that the application therefor is to be duly made, and at a proper time.

In the present case, no application for the certificate was made at the trial, nor until the expiration of nearly two years, and after a special motion for execution is noticed; and it is then made before a judge who took no part in the trial, and upon affidavits. An application for a certificate, under such circum-

stances, comes too late. The defendant must be deemed to have waived his right to the entry of a certificate, by delaying his application for the space of nearly two years, and until after a motion for execution is noticed, and when the certificate, if it can be granted at all, must be ordered by a judge who took no part in the trial of the cause.

The application of the defendant must, therefore, be dismissed, and, consequently, the application of the plaintiff for an execution is granted.